EUGENE I. LEHRMANN, Director, Board of Vocational, Technical and AdultEducation
You have requested an opinion on the question whether a Vocational, Technical and Adult Education District has the authority to borrow money to purchase a building which could be used for administrative offices and student dormitory housing.
It is my opinion that a district has the authority to borrow money for the purposes set forth in the question.
Section 38.155 (7), Stats., provides: *Page 232 
"The district board may borrow money and levy taxes to be used for the purchase or construction of buildings and for additions, enlargements and improvements to buildings and for the acquisition of sites and equipment. In financing activities under this subsection, the district may issue its bonds or promissory notes under ch. 67 to pay the cost thereof."
Section 38.155 (10), Stats., provides, in part:
"The district board may purchase machinery, tools and supplies, and purchase or lease suitable grounds or buildings for the use of such schools; rent to others any portion of such buildings and grounds not presently needed for school purposes; and erect, improve or enlarge buildings for the use of said schools. * * * All conveyances, leases and contracts shall be in the name of the district."
When these two sections of ch. 38, Stats., are considered together, it is clear that the district has been given the authority to borrow money for the purpose of building or acquiring buildings or grounds for the purposes for which the district exists.
Since administration is essential and clearly within the public purpose for which the districts exist, borrowing and expending monies for the purpose of providing space for this function is clearly within the authority of the district.
Student domitory [dormitory] housing has been an integral part of institutions of learning throughout the history of education, and academy-oriented housing for students unquestionably is academically desirable and, therefore, expenditures for such purposes are within the purpose for which the district is created.
Finally, borrowing for the enumerated purposes would not violate the Wisconsin constitutional provision, Art. VIII, sec. 10, which prohibits contracting debt for works of internal improvement, since, if the district is considered to be part of the State, education clearly is a governmental function and, therefore, not within the purview of the constitutional prohibition. State ex rel. Thompson v. Giessel (1964), *Page 233 267 Wis. 331, 65 N.W.2d 529, holds that the constitutional provision does not apply to structures used by the State in the performance of its governmental functions. If the district is not part of the State, but rather is a unit of local government, the constitutional provision is again inoperative since it militates only against borrowing by the State or State agencies. State ex rel. Martin v. Giessel (1948), 252 Wis. 363,31 N.W.2d 626.
RWW:WHW